YUH LOU ZHENG & Yue
Xia Chen, Petitioners,

v.

BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondent.

Nos. 04–4298–ag(L), 04–4299–ag(Con).

United States Court of Appeals,
Second Circuit.

June 29, 2006.

Gang Zhou, New York, NY, for petitioner.

Chuck Rosenberg, United States Attorney, Virgina Van Valkenburg, Assistant United States Attorney, Norfolk, VA, for respondent.

PRESENT: WILFRED FEINBERG, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Yuh Lou Zheng and Yue Xia Chen ("petitioners"), citizens of China, appeal from the BIA's order affirming Immigration Judge ("IJ") Michael Straus's decision denying their applications for asylum, withholding of deportation and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

Petitioners do not challenge the IJ's finding with regard to their claim of a wellfounded fear of persecution for leaving China without permission. Nor have they challenged the IJ's denial of their claims for withholding of deportation or CAT relief in their brief to this Court. Issues not sufficiently argued in the brief are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

Petitioners do challenge the IJ's finding that they lack a well-founded fear of future persecution under China's family planning policies. Specifically, they claim that the IJ violated their due process rights to a full and fair hearing by improperly excluding from due consideration the credible testimony of the three witnesses and the documentary evidence submitted to corroborate their claim. The IJ, however, clearly referenced that testimony and evidence in reaching his determination that

petitioners failed to establish a reasonable possibility of forced sterilization if returned to China. The IJ did not err in citing to U.S. State Department Country Reports to support that conclusion, because he also "consider[ed] any contrary or countervailing evidence with which [he was] presented, as well as the particular circumstances of the applicant's case demonstrated by testimony and other evidence." *Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004). The IJ acknowledged that coerced family planning exists in China, but rationally concluded that Zheng and Chen failed to establish that there is a reasonable possibility that one of them will be forcibly sterilized. *Cf. Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).